IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR243 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AARON J. CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the motion of defendant Aaron J. Clark (Clark) to compel (Filing No. 82). Clark seeks pretrial disclosure of any contracts between the confidential informant and the Bureau of Alcohol, Tobacco and Firearms (ATF) and ATF reports of incidents where the informant received compensation. The government filed a response (Filing No. 86). The court held a hearing on the motion on September 24, 2013. Clark was present with his counsel, First Assistant Federal Public Defender Shannon P. O'Connor. The United States was represented by Assistant U.S. Attorney Thomas J. Kangior.

    The government acknowledged a single agreement existed between the confidential informant and the ATF and had shown a copy to Mr. O'Connor but was reluctant to provide an actual (hard) copy to Mr. O'Connor. The court examined the agreement in question and finds an actual (hard) copy may be provided to Mr. O'Connor. However, such copy will be maintained by Mr. O'Connor in his possession and disclosed or displayed solely for the purposes of this case. Neither Mr. O'Connor or anyone at his request shall make any copy of the agreement for any reason whatsoever without specific authorization of the court nor shall Mr. O'Connor allow such a copy to be made. Further, at the conclusion of the trial, the copy provided to Mr. O'Connor shall be returned to counsel for the government who will maintain custody of such document for the purposes of any post-conviction procedures, if any. The copy provided to Mr. O'Connor may be marked in such a fashion as to detect any violation of the proscription set forth above which violation would subject Mr. O'Connor to appropriate sanctions.

    Clark also seeks reports of incidents resulting in the payments and seizures set forth in Exhibit 1 (Filing No. 84-1). The government resists wholesale disclosure involving other investigations. The court finds the government's position is well taken. While the government is reminded of its obligations under **Brady v. Maryland**, 373 U.S. 83 (1963), until testimony

at time of trial would require any details of other investigations, the government need not disclose such matters in advance.  Clark's request for such information as part of this motion to compel is denied, without prejudice to an appropriate motion in limine or request during trial.

During the hearing, the government requested a copy of a letter written regarding an attempt or non-attempt to influence testimony of a witness for this case.  Mr. O'Connor has possession of the original and has shown a copy to Mr. Kangior and an ATF agent.  The court finds Mr. O'Connor shall provide a copy of the letter to counsel for the government.

**IT IS SO ORDERED.**

DATED this 27th day of September, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge