IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:12CR243 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| AARON J. CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Aaron Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 113) ("§ 2255 motion") and his Motion for Leave to Proceed in Forma Pauperis (Filing No. 114).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant pled guilty to Counts II and V of a Superseding Indictment charging him with distribution of a mixture or substance containing a detectable amount of methamphetamine (Count II), and carrying a firearm during and in relation to a drug trafficking crime (Count V).  His plea agreement included: The government's agreement to dismiss Counts I, III, IV, VI and VII of the Superseding Indictment at the time of sentencing; a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of

incarceration of 202 months; and a waiver of the right of appeal and collateral attack (Filing No. 98. at 4, 5).

Shannon O'Connor ("O'Connor") appeared at the hearing for Clark's initial appearance and arraignment on September 10, 2012, but withdrew from the case when Alan Stoler ("Stoler") filed a notice of appearance (Filing No. 19) as retained counsel for Clark on October 17, 2012. On April 16, 2013, a Superseding Indictment (Filing No. 37) was filed and on April 17, 2013, Stoler fled a motion to withdraw (Filing No. 40). On April 24, 2013, an arraignment hearing was held before the Magistrate Judge on the Superseding Indictment. O'Connor was present at that hearing and was reappointed to represent Clark, and Stoler's motion to withdraw was granted.

In his Petition to Enter a Plea of Guilty, signed on September 26, 2013, Clark stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court II was 20 years and the maximum statutory term of imprisonment for Court V was life; and he understood all the questions in the Petition. (Filing No. 97. at 2, 6). On September 30, 2013, Clark's plea was accepted and he was found guilty of Counts II and V of the Superseding Indictment.

O'Connor represented Clark through the remainder of this case, and a sentencing hearing was held on January 6, 2014. The Court accepted the Plea Agreement and Clark was sentenced according to its terms.

On September 29, 2014, Clark filed his timely § 2255 motion (Filing No. 113), alleging that his counsel was ineffective.

## DISCUSSION

In his § 2255 motion, Clark argues that he received ineffective assistance of counsel for the following reasons: not filing a timely objection to the evidence; not allowing Clark to plead only to certain charges; "guiding" Clark into a plea agreement; and failure to file a timely appeal.

In order to establish ineffective assistance of counsel, Clark must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

Under Clark's plea agreement, he waived his right to seek post-conviction relief based on ineffective assistance of counsel except "if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement."  (Filing No. 98 at 5.)

In Clark's Memorandum in Support of Grounds to Correct (Filing No. 113), he provides a chronology of the facts that he alleges occurred with regards to his plea negotiations, visits from his attorney, his stance of not wanting to accept the plea offer and being under extreme pressure from his attorney to accept the plea, and his requests to plea to certain counts and to go to trial on the remainder of the counts.

3

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel. While Clark put an "X" next to "No", in the section of the petition entitled, "Voluntary Nature of Plea", the Defendant executed both the Plea Agreement and Petition to Enter a Plea Guilty, stated he understood all the questions contained therein, and that he was guilty of the crimes alleged in Counts II and V (Filing No. 97 at 12). The colloquy at the time of the plea hearing confirmed repeatedly the voluntary nature of his plea.

The Court notes that Shannon O'Connor has served in the Office of the Federal Public Defender in this district for many years and is a highly experienced, well-respected criminal defense attorney. The alleged grounds for the Defendant's dissatisfaction with counsel's performance are all matters that were known to the Defendant at the time of the plea. Clark's complaints about O'Connor's representation do not rise to a level showing that O'Connor performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Clark demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

## CONCLUSION

For the reasons discussed, Clark cannot prove either prong of the *Strickland* test, and his § 2255 Motion will be denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Defendant Aaron Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 113) ("§ 2255 motion");

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. The Defendant's Motion for Leave to Proceed in Forma Pauperis (Filing No. 114) is denied as moot;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 24th day of October, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge