IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR243 |
| v. | |
| AARON J. CLARK, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Aaron J. Clark's ("Clark") "Rule 48 Motion" (Filing No. 156) and his Motion to Appoint Counsel (Filing No. 160). For the reasons stated below, the motions are denied.

I. BACKGROUND

Clark pleaded guilty to Counts II and V of a Superseding Indictment charging him with distribution of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count II); and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B) (Count V). Under the terms of his plea, Clark agreed to a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration of 202 months and a waiver of the right of appeal and collateral attack (Filing No. 98. at 4, 5). The government dismissed Counts I, III, IV, VI and VII at the time of sentencing.

II. DISCUSSION

A. "Rule 48 Motion"

Clark's first motion appears to argue that Count II of the Superseding Indictment should have been dismissed or that his crime did not support a sentencing enhancement. Clark argues he did not "use" a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(B). In support of his argument, Clark presents a narrative of the

events leading to his arrest and argues the factual circumstances do not support a conviction.[1] The factual basis for Clark's Plea Agreement states that "during the course of the distribution charged in COUNT II, [Clark] carried and possessed" a shotgun.

Clark purports to bring this motion under "Rule 48." Federal Rule of Criminal Procedure 48(a) permits the government to move for dismissal. Rule 48(b) permits district courts to dismiss an indictment if there has been unnecessary delay in presenting a charge to the grand jury, filing an information against the defendant, or bringing a defendant to trial. None of those grounds are applicable here, and Rule 48 does not afford Clark any remedy.

To the extent Clark seeks a new trial, his motion must also fail. Motions for new trial are governed by Federal Rule of Criminal Procedure 33. Under Rule 33(a), a district court may grant a motion for new trial if the interest of justice so requires. A motion for a new trial based on newly discovered evidence must be filed within three years of the finding of guilty. *See* Fed. R. Crim. P. 33(b)(1). A motion for new trial on any other grounds must be filed within fourteen days of a finding of guilty. *See* Fed. R. Crim. P. 33(b)(2). Clark's motion does not assert any newly discovered evidence and under either provision, his motion is untimely.

### B. Motion to Appoint Counsel

Though not directly stated, Clark's Motion to Appoint Counsel appears to be related to his "Rule 48 Motion." "There is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019). The district court has discretion to appoint counsel in postconviction proceedings if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Wiseman v. Wachendorf*, 984 F.3d 649,

---

[1] Clark appears to argue that his sentence must be vacated. The Court notes that Clark filed an earlier motion under 28 U.S.C. § 2255 on September 29, 2014 (Filing No. 113), that was dismissed on October 24, 2014 (Filing Nos. 117, 118). To the extent Clark seeks to vacate or correct an illegal sentence under § 2255, his Motion is successive and, to proceed, it must be certified by the Eighth Circuit Court of Appeals. *See* § 2255(h).

2

655 (8th Cir. 2021). "In exercising its discretion, the court 'should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.'" *Wiseman*, 984 F.3d at 655 (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). Clark's Rule 48 Motion is barred on several statutory and procedural grounds and he is attempting to relitigate issues that could have been raised much earlier. The Court concludes that appointing counsel is not appropriate for this matter.

IT IS ORDERED: Defendant Aaron J. Clark's Motion docketed as a "Rule 48 Motion" (Filing No. 156) and his Motion to Appoint Counsel (Filing No. 160) are denied.

Dated this 9th day of February 2021.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge