IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR243 |
| v. | |
| AARON CLARK, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Aaron Clark's ("Clark") pro se Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018) (Filing No. 169).[1] After carefully considering Clark's arguments and the balance of the record, the Court finds a sentence reduction is not appropriate at this time.

## I.   BACKGROUND

On April 16, 2013, a grand jury indicted Clark on seven drug- and firearm-related charges. Clark later pleaded guilty to distributing methamphetamine and carrying a firearm in relation to a drug-trafficking crime (Filing No. 98). The Court applied the career-offender enhancement and sentenced Clark to a total of 202 months in prison, a sentence 69 months lower than the bottom of his advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") range (Filing No. 107).

Clark has filed multiple post-conviction motions since his sentencing. On September 29, 2014, he moved to vacate his sentence claiming ineffective assistance of counsel (Filing No. 113). The Court denied the motion (Filing No. 117). He filed a second motion to vacate on May 9, 2016 (Filing No. 126) and a third on June 29, 2016 (Filing

---

[1]Relief under § 3582(c)(1)(A)(i) is informally known as "compassionate release." *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

Nos. 136 and 137). Both were denied as successive motions under 28 U.S.C. § 2255 (Filing Nos. 128 and 145). Clark also filed a "Rule 48 Motion" (Filing No. 156) and a "Motion for Relief from § 2255 Judgment" (Filing No. 163), both of which were denied (Filing Nos. 161 and 168).

Clark filed the current motion pro se on January 13, 2023. On initial review, the Court found Clark potentially raised at least one colorable claim: both of his parents are in an "incapacitated state and in need of constant care due to several degenerative medical conditions." The Court appointed counsel for Clark, directed the United States Probation and Pretrial Services Office ("probation") to compile an investigative report, and ordered simultaneous briefing (Filing No. 170). The Court received and reviewed the investigative report and briefs from both parties and Clark's motion is ripe for review.

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes the Court to "reduce [Clark's] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the prison warden receives a request to file such a motion on his behalf.[2] The Court has discretion to reduce Clark's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a)," it finds "'such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *Crandall*, 25 F.4th at 583 (quoting § 3582(c)(1)(A)).

The § 3553(a) factors include the nature and circumstances of Clark's offense; Clark's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. Clark's sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *See United States v. Burnett*, No. 8:17CR374, 2020 WL 5038777, at *1 (D. Neb. Aug. 26, 2020).

---

[2]Clark's warden denied his request on September 19, 2022.

The "applicable policy statements" are more in flux. Section 1B1.13 of the Guidelines[3] currently lists four categories that may be considered "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director (the "catchall provision"). U.S.S.G. § 1B1.13 cmt. n.1. The Guidelines provide only two "family circumstances" that may be "extraordinary and compelling:" the death or incapacitation of the caregiver of the defendant's minor child and the incapacitation of the defendant's spouse or partner, when the defendant would be the spouse or partner's only available caregiver. *Id.*

On April 5, 2023, the Sentencing Commission announced amendments to the Guidelines, set to go into effect November 1, 2023. See U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines (Preliminary)* available at https://www.ussc.gov/topic/compassionate-release. The amendments respond to the First Step Act and expand the "extraordinary and compelling reasons" criteria under § 1B1.13. As relevant here, the proposed amendments expand the scope of "family circumstances" to include "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," as well as circumstances "similar to those listed" in the other family-circumstances categories "involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." *Id.* at 180.

The proposed amendments are not binding on the Court at this time, but the Court considered them in reviewing Clark's motion. Clark relies on § 1B1.13's catchall provision

---

[3]These policy statements predate the First Step Act's considerable changes to § 3582(c)(1)(A), so the Court generally considers them only "to the extent they remain helpful and relevant." *See United States v. Davis*, No. 4:01-CR-3106, 2023 WL 2837459, at *1 n.1 (D. Neb. Apr. 7, 2023).

to argue that he requires early release to care for his mother, JoAnn, and stepfather, Gary,[4] because of their declining health. He points to other courts that granted compassionate release under similar circumstances. *See*, *e.g.*, *United States v. Alvarado*, 569 F. Supp. 3d 1039, 1043 (S.D. Cal. 2021) (granting a sentence reduction so the defendant could "assist his aging parents in their activities of daily living" where the defendant's "positive actions in confinement began long before" his compassionate-release motion). *But cf. United States v. Reed*, No. 18CR001431SRNDTS, 2023 WL 2308271, at *3 (D. Minn. Mar. 1, 2023) (denying a defendant's request for early release to care for his mother with cancer because he failed to "support his arguments with evidence beyond his subjective account" and the "circumstances would not fall within the contemplated scope of § 1B1.13").

JoAnn has multiple health conditions that impact her daily life, including numerous chronic-pain conditions and degenerative diseases. Gary also suffers from several painful conditions. Clark submitted a note from JoAnn's and Gary's doctor, Kristee Zoloty, M.D. ("Dr. Zoloty"), stating JoAnn is "unable to manage her [activities for daily living] and manage her home." JoAnn requires assistance with everything from cleaning and preparing meals to driving to medical appointments. Because Gary is also "in a significant amount of pain," he has trouble caring for JoAnn and managing their house. Dr. Zoloty confirmed that neither JoAnn's nor Gary's Medicare covers in-home assistance, and they are unable to afford the care out-of-pocket. Additionally, Clark argues—and the probation investigation generally confirmed—"none of [his] other siblings are available to cartake."

In his pro se motion, Clark also outlined his release plan. While living with and caring for his parents, Clark says he would "attend a truck driving school to earn" his commercial driver's license and work at one of two companies that offer "flexible" work "so that [he] can tend to the needs and appointments of [his] parents." Beyond that, "[a]ny

---

[4]Clark's stepfather has been in his life since Clark was eight years old.

and all of [his] free time will be devoted to [his] three incredible children," ages 10, 14, and 18. Clark would eventually like to start his own food-truck business.

Finally, Clark argues the § 3553(a) factors support his early release. He contends the eleven years he has already served, paired with five years of supervised release, "reflects the seriousness of the offense, promotes respect for the law, and provides just punishment." Clark also argues he has not received adequate substance-abuse treatment in prison and that treatment "might be better accomplished in post-release supervision."

The government opposes any reduction. It notes "care for ailing, elderly parents is not currently part of the criteria for consideration for compassionate release" and focuses on Clark's criminal history and career-offender classification. Clark's history includes convictions for felony assault, use of a weapon to commit a felony, and theft, as well as several convictions for delivery and attempted delivery of controlled substances. He also has seven marijuana-possession citations, two convictions for driving under suspension, and a conviction for possessing a forged instrument.

The Court is sympathetic to Clark's difficult situation with his parents' declining health. It also commends him for the numerous courses he has taken while incarcerated, working various employment assignments, and "tutor[ing] inmates and . . . serv[ing] as a mentor." However, the Court must also weigh Clark's extensive criminal history and the need to protect the public. He has served just over half of his sentence and received seven disciplinary violations since he was incarcerated in 2014, including for possessing methamphetamine and heroin. Considering the totality of the circumstances, Clark's motion is denied.

IT IS SO ORDERED.

Dated this 28th day of April 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge